[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff Town of Hebron moves for summary judgment. The plaintiff seeks to foreclose a lien which it has placed on the defendant's property by virtue of the failure of the defendant to pay sewer assessment charges for sewer usage. The amounts claimed by the plaintiff are in the amount of $7,831.20 for sewer charges for installments due commencing February 1, 1995 through September 30, 1997.
The defendant does not contest the arithmetic which results in the calculation of this total. The defendants contend that the charges for the years 1994, 1995 and 1996 are excessive. In support of its contention the defendant attaches and points out to the court that the current billing for the period 10/1/97 through 9/30/98 is $300.00, billed in two installments, $150 due 10/1/97 and $150 due 4/1/98. This billing reflects charges for periods subsequent to the installation, at its own expense, as permitted of a water meter. Billing of sewer charges on the basis of water consumption figures is a generally accepted practice in Connecticut. The defendant does not contest this practice as being either illegal, irrational or illegal.
The defendant contrasts this billing, post meter installation, of $300 for the year as contrasted to the charge of CT Page 10972 $2400 per year for the years prior to the installation of the meter.
The subject of the establishing of "fair and reasonable charges" for use of the sewerage system is provided for by General Statutes § 7-255. This statute however, appears to be related to General Statutes § 7-250, which provides for the mailing of an assessment to the owner at such owner's address. Section 7-250 states that the mailing shall state the date of the assessment and provides that an appeals most be taken within 21 days after such filing.
The defendant contends by affidavit, that it never received a notice, and that it has been aware now that the alleged notice was mailed to the wrong address. The plaintiff contends that because no appeal was filed the defendant is foreclosed from contesting the fairness and reasonableness of the charge.
This dispute presents mixed questions of fact and of law. Unless clearly foreclosed by statute and operation of law, it is obvious that the defendant, in this foreclosure action should be given the opportunity to contest the charges at law and in fact, bearing in mind the astounding difference between the sewage usage charges before, compared to charges agreed to after the meter installation.
The motion for Summary Judgment is denied.
L. Paul Sullivan, J.